HANS FIELD, Respondent, *v.* REA H. FIELD, Appellant.

First Department, June 26, 1956.

*Samuel Sumner Goldberg* of counsel (*Irving Hatterer* with him on the brief; *Goldberg & Hatterer,* attorneys), for appellant.

*Albert Cohn* of counsel (*Stackell & Stackell,* attorneys), for respondent.

*Per Curiam.* The conduct of this divorce action by defendant's trial counsel (not counsel on this appeal) has given the court great concern. At the time counsel accepted his engagement to try the case, he knew that there had been numerous adjournments and delays in reaching the case for trial due to changes of lawyers and that the court would insist upon the case being tried before the summer recess. A representative of counsel's office appeared at the adjourned call of the case on May 2, 1955, and requested a month's adjournment. The request for an adjournment was granted to the extent of a two weeks' postponement, and the case was set down peremptorily for trial on May 16, 1955. On May 16 the case was passed for the day, and the next day a representative of counsel asked for an adjournment to the fall. The application was denied and the case marked "Ready" and assigned to a trial part. The case was not actually reached for trial, however, until June 6, when counsel asked for a further adjournment, stating that it was impossible for him to proceed to trial because he had not interviewed a single witness, had not even discussed the case with his client, and had not read a single paper. Counsel acknowledged that his client had paid him $3,200 in part payment of his fee and gave as his excuse for giving no attention to the case his complete occupation with other matters in his office.

The court extended further consideration to counsel by adjourning the case to the next day and then offering to adjourn the case for two more days for the selection of a jury, the trial to commence the day after, to be followed by the week end in which counsel might further prepare. This offer was refused and the court thereupon directed that the case proceed to trial. Counsel refused to participate in the trial beyond sitting mute with his client while the plaintiff submitted his evidence and the case went to judgment against the defendant. This course was pursued despite the fact that appears from the record that counsel's associate was familiar with the case and seemingly ready and able to try it.

Defendant has appealed from the interlocutory judgment and from an order denying a motion to set aside the interlocutory judgment in the interest of justice. The claim is that defendant was seriously and improperly prejudiced by the

trial court's insistence upon defendant's proceeding to trial without the benefit of preparation on the part of her counsel.

There is a question in our minds whether counsel's conduct and representations to the court were calculated tactics designed to delay the trial and regarded by him as serving his client's interest, or whether he had been actually faithless to his trust, neglecting the case and ignoring his client's interest. We do not condone counsel's conduct in either event, but the prompting of his conduct bears on the issue of whether his client should be charged with it.

We have a solicitude for the defendant in this divorce action, despite countervailing considerations, and would relieve her from the virtual default incurred if she was the victim of an officer of the court failing so completely to discharge his responsibilities to her as appears to be the fact on counsel's statements to the trial court. We are not convinced, on the basis of the record alone, however, that counsel was as faithless as indicated and that he was not playing a part with the knowledge and consent of his client. However misguided such strategy would be, if it was adopted pursuant to the retainer and not in violation of it, defendant should suffer the consequences.

Accordingly, the order denying the motion to set aside the interlocutory judgment and for a new trial is modified to remand the motion to the Special Term to take evidence as to the prompting of counsel's conduct and for a determination of whether he was acting calculatedly in his client's interest or altogether against it. If Special Term should find that defendant was an unwitting victim of counsel's neglect, the motion to set aside the judgment and for a new trial should be granted. If Special Term should find that counsel's actions were a manner of actual representation of his client, the motion should be denied. The decision on the appeal from the judgment will be held in abeyance pending the determination of Special Term and a possible appeal therefrom.

We are mindful of the unwarranted burden this procedure places upon the plaintiff, but the interest of justice dictates the course directed.

The order appealed from should be modified in accordance with this opinion. Settle order.

PECK, P. J., BREITEL, BOTEIN, RABIN and COX, JJ., concur.

Order [entered January 31, 1955] unanimously affirmed. No opinion.

Order [entered December 6, 1955] unanimously modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice.